UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEA Lookup.com, Inc.,

        Plaintiff,

   v.

Solstice Benefits, Inc. and United Healthcare, Inc.,

        Defendants.

Civil Action No. 1:24-cv-01062-MN

## DEFENDANTS SOLSTICE BENEFITS, INC. AND UNITED HEALTHCARE, INC.'S ANSWER TO COMPLAINT

As and for its Answer to the Complaint, Defendants Solstice Benefits, Inc. and UnitedHealthcare, Inc.[1] (collectively "Defendants") state and allege as follows.

Except for allegations specifically admitted, Defendants deny each allegation in the Complaint.

## NATURE OF THE ACTION

1.     Defendants states the Complaint speaks for itself and denies any characterization thereof. Defendants deny the remainder of the allegations in Paragraph 1, if any.

## PARTIES

2.     Defendants do not have sufficient knowledge to admit or deny the allegations in Paragraph 2 of Plaintiff's Complaint, and therefore deny the same.

3.     Defendants admit the allegations in Paragraph 3 of Plaintiff's Complaint.

4.     Defendants deny the allegations in Paragraph 4 of Plaintiff's Complaint.

---

[1] United Healthcare, Inc. is not a legal entity. Reserving all rights, Defendants assert this Answer on behalf of UnitedHealthcare, Inc.

## JURISDICTION AND VENUE

5. The allegations in Paragraph 5 are a statement of venue to which no response is required. To the extent a response is required, Defendants deny.

6. The allegations in Paragraph 6 are a statement of venue to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 6.

7. The allegations in Paragraph 7 are a statement of venue to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 7.

## FACTS

8. Defendants admit that a Solstice representative began using Plaintiff's software in or around 2009 and paid fees to do so. Defendants deny the remaining the allegations, if any, in Paragraph 8 of Plaintiff's Complaint.

9. Defendants admit that a Solstice representative paid fees to use DEA Lookup.com's software from 2010 through 2023. Defendants deny the remaining allegations, if any, in Paragraph 9 of Plaintiff's Complaint.

10. Defendants deny the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendants admit that Sherry Ann Barkley was authorized to access and use DEA Lookup.com's software during the stated time period and her email address is sbarkley@solsticebenefits.com. Defendants do not have sufficient knowledge to admit or deny the remaining allegations in Paragraph 11 of Plaintiff's Complaint, and therefore deny the same.

12. Defendants do not have sufficient access or knowledge to admit or deny the allegations in Paragraph 12 of Plaintiff's Complaint, and therefore deny the same.

13. Defendants state that any email speaks for itself and deny the remainder of the allegations, if any.

14. Defendants deny the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendants do not have sufficient access or knowledge to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint, and therefore deny the same.

17. Defendants do not have sufficient access or knowledge to admit or deny the allegations in Paragraph 17 of Plaintiff's Complaint, and therefore deny the same.

18. Defendants state that the EULA on which Plaintiff bases its allegations in Paragraph 18 of Plaintiff's Complaint speaks for itself and deny any characterization thereof. Defendants deny the remainder of the allegations in Paragraph 18.

19. Defendants do not have sufficient knowledge to admit or deny the allegations in Paragraph 19 of Plaintiff's Complaint, and therefore deny the same.

20. Defendants state that the EULA on which Plaintiff bases its allegations in Paragraph 20 of Plaintiff's Complaint speaks for itself and deny any characterization thereof. Defendants deny the remainder of the allegations in Paragraph 20, if any.

21. Defendants state that the EULA on which Plaintiff bases its allegations in Paragraph 21 of Plaintiff's Complaint speaks for itself and deny any characterization thereof. Defendants deny the remainder of the allegations in Paragraph 21, if any.

22. Defendants state that the EULA on which Plaintiff bases its allegations in Paragraph 22 of Plaintiff's Complaint speaks for itself and deny any characterization thereof. Defendants deny the remainder of the allegations in Paragraph 22, if any.

23. Defendants state that the EULA on which Plaintiff bases its allegations in Paragraph 23 of Plaintiff's Complaint speaks for itself and deny any characterization thereof. Defendants deny the remainder of the allegations in Paragraph 23, if any.

24. Defendants admit that Ms. Barkley notified a representative of Plaintiff that Solstice would not be continuing to use DEA Lookup and further state that the email(s) on which Plaintiff

bases its allegations in Paragraph 24 of Plaintiff's Complaint speak for themselves and deny any characterization thereof. Defendants deny the remainder of the allegations in Paragraph 24 of Plaintiff's Complaint, if any.

25. Defendants do not have sufficient knowledge to admit or deny the allegations in Paragraph 25 of Plaintiff's Complaint, and therefore deny the same.

26. Defendants do not have sufficient knowledge to admit or deny the allegations in Paragraph 26 of Plaintiff's Complaint, and therefore deny the same.

27. Defendants do not have sufficient knowledge to admit or deny the allegations in Paragraph 27 of Plaintiff's Complaint, and therefore deny the same.

28. Defendants do not have sufficient knowledge to admit or deny the allegations in Paragraph 28 of Plaintiff's Complaint, and therefore deny the same.

29. Defendants do not have sufficient knowledge to admit or deny the allegations in Paragraph 29 of Plaintiff's Complaint, and therefore deny the same.

30. Defendants do not have sufficient knowledge to admit or deny the allegations in Paragraph 30 of Plaintiff's Complaint, and therefore deny the same.

31. Defendants state that the email(s) on which Plaintiff bases its allegations in Paragraph 31 of Plaintiff's Complaint speak for themselves and deny any characterization thereof. Defendants deny the remainder of the allegations in Paragraph 31, if any.

32. Paragraph 32 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 32.

33. Defendants state that the documents on which Plaintiff bases its allegations in Paragraph 33 of Plaintiff's Complaint speaks for themselves and deny any characterization thereof. Defendants deny the remainder of the allegations in Paragraph 33, if any.

34. Defendants state that the email on which Plaintiff bases its allegations in Paragraph 34 of Plaintiff's Complaint speaks for itself and deny any characterization thereof. Defendants deny the remainder of the allegations in Paragraph 34, if any.

35. Defendants state that the letter on which Plaintiff bases its allegations in Paragraph 35 of Plaintiff's Complaint speaks for itself and deny any characterization thereof. Defendants deny the remainder of the allegations in Paragraph 35, if any.

36. Defendants state that the letter on which Plaintiff bases its allegations in Paragraph 36 of Plaintiff's Complaint speaks for itself and deny any characterization thereof. Defendants deny the remainder of the allegations in Paragraph 36, if any.

37. Defendants state that the letter on which Plaintiff bases its allegations in Paragraph 37 of Plaintiff's Complaint speaks for itself and deny any characterization thereof. Defendants deny the remainder of the allegations in Paragraph 37, if any.

38. Defendants deny the allegations in Paragraph 38 of Plaintiff's Complaint.

39. Defendants do not have sufficient knowledge to admit or deny the allegations in Paragraph 39 of Plaintiff's Complaint, and therefore deny the same.

40. Defendants deny the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations in Paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations in Paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations in Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations in Paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations in Paragraph 45 of Plaintiff's Complaint.

## CAUSES OF ACTION

### COUNT I
**Breach of Contract (Against Each Defendant)**

46. Defendants reassert and incorporate by reference the answers to each of the preceding paragraphs of this Complaint as if fully restated herein.

47. Defendants deny the allegations in Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations in Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations in Paragraph 50 of Plaintiff's Complaint.

## COUNT II
**Copyright Infringement (Against Each Defendant)**

51. Defendants reassert and incorporate by reference the answers to each of the preceding paragraphs of this Complaint as if fully restated herein.

52. Defendants do not have sufficient knowledge to admit or deny the allegations in Paragraph 52 of Plaintiff's Complaint, and therefore deny the same.

53. Defendants do not have sufficient knowledge to admit or deny the allegations in Paragraph 53 of Plaintiff's Complaint, and therefore deny the same.

54. Defendants do not have sufficient knowledge to admit or deny the allegations in Paragraph 54 of Plaintiff's Complaint, and therefore deny the same.

55. Defendants deny the allegations in Paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations in Paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the allegations in Paragraph 57 of Plaintiff's Complaint.

58. Defendants deny the allegations in Paragraph 58 of Plaintiff's Complaint.

59. Defendants deny the allegations in Paragraph 59 of Plaintiff's Complaint.

60. Defendants deny the allegations in Paragraph 60 of Plaintiff's Complaint.

61. Defendants deny the allegations in Paragraph 61 of Plaintiff's Complaint.

    Defendants also deny Plaintiff's Prayer for Relief.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claims fail to state a claim for which relief can be granted.

2. Plaintiff improperly named United Healthcare, Inc., a non-existent entity, as a Defendant.

3. The EULA is not a valid contract and/or was superseded by the DEA Lookup.com User Agreement.

4. Section 14 of the EULA is void as a penalty and/or is an invalid and unenforceable liquidated damages provision.

5. Plaintiff's claims are barred to the extent Plaintiff failed to perform its own contractual obligations and/or failed to obtain proper copyright registrations.

6. Plaintiff is not entitled to relief from or against Defendants because Plaintiff has not sustained any loss, injury, or damage that resulted from any act, omission, or breach by Defendants.

7. Plaintiff's causes of action are barred in whole or in part by the applicable statute of limitations or repose, or by the equitable doctrine of laches.

8. Plaintiff's claims are barred because Defendants complied with applicable statutes and laws and with the requirements, statutes, and regulations of the United States.

9. Plaintiff's causes of action are barred by the doctrine of waiver, res judicata, collateral estoppel, judicial estoppel, ratification, acquiescence, and/or unclean hands.

10. At all times relevant hereto, Defendants have acted legitimately and in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines. At no time material hereto did Defendants act in a willful, wanton, reckless, knowing, and/or malicious manner or with reckless disregard of either state or federal law.

11. Plaintiff would be unjustly enriched if its Prayer for Relief is granted.

12. Plaintiff's claims, or the damages it may recover, are barred or at least reduced by its failure to mitigate damages and its attempt to seek duplicative damages.

13. Plaintiff's attorneys' fees and costs incurred in pursuing its claims are in whole or in part not reasonable.

14. All possible affirmative defenses may not have been alleged herein insofar as insufficient facts were not available after reasonable inquiry and, therefore, Defendants reserve the right to raise additional affirmative and other defenses as may be established by discovery and the evidence in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment of this Court:

1. Dismissing Plaintiff's Complaint in its entirety with prejudice;

2. Awarding Defendants their costs and expenses, including reasonable attorneys' fees; and

3. Awarding Defendants such other and further relief as the Court deems just and equitable.

Date: December 2, 2024

FOX ROTHSCHILD LLP

By /s/ Neal J. Levitsky
Neal J. Levitsky (#2092)
1201 N. Market Street, Suite 1200
Wilmington, DE 19801
(302) 654-7444
nlevitsky@foxrothschild.com

**ATTORNEYS FOR DEFENDANTS SOLSTICE BENEFITS, INC. and UNITED HEALTHCARE, INC.**