| | |
|---|---|
| DEA LOOKUP.COM, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-1062 (MN) |
| | ) |
| SOLSTICE BENEFITS, INC. and UNITED HEALTHCARE, INC., | ) ) ) |
| | ) |
| Defendants. | ) |
| DEA LOOKUP.COM, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-375 (MN) |
| | ) |
| PHARMASCRIPT, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington, this 20th day of February 2026;

On August 11, 2025, the Court held a joint motion hearing in the above-captioned related cases, *DEA Lookup.com, Inc. v. Solstice Benefits, Inc. et al.*, No. 24-1062 (MN) (*Solstice*") and *DEA Lookup.com, Inc. v. PharmaScript*, No. 25-375 (MN) ("*PharmaScript*"). (*See Solstice* D.I. 110; *PharmaScript* D.I. 29).

Defendants Solstice Benefits, Inc. and UnitedHealthcare, Inc. (together, "Solstice") move for judgment on the pleadings against Plaintiff DEA Lookup.com, Inc. ("Plaintiff" or "DEA"). (*Solstice* D.I. 40). PharmaScript, LLC ("PharmaScript" and, together with Solstice, "Defendants") similarly moves to dismiss DEA's claims. (*PharmaScript* D.I. 17). Both Defendants argue that the Court lacks jurisdiction because this case is properly a state law contract dispute rather than a federal copyright case. (*Solstice* D.I. 41 at 6; *PharmaScript* D.I. 18 at 5). PharmaScript additionally contends that DEA fails to state a claim for either copyright infringement or breach of contract. (*PharmaScript* D.I. 18 at 8, 14).

The Court reviewed the parties' briefing and considered the arguments made at the August 11, 2025 hearing and will DENY the motions for the reasons that follow.

## I. LEGAL STANDARD

### A. Rule 12(b)(1) – Subject Matter Jurisdiction

A plaintiff in federal court may move to dismiss on the basis that the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," as well as "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. §§ 1331, 1367(a). Without either original or supplemental jurisdiction, a case must be dismissed.

### B. Motion to Dismiss Under Rule 12(b)(6)

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327 (3d Cir. 2022); *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Nonetheless, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Lutz*, 49 F.4th at 327. The Court does not accept "bald assertions," "unsupported conclusions and unwarranted inferences," *Finkelman v. Nat'l Football League*, 810 F.3d 187, 202 (3d Cir. 2016), or allegations "so threadbare or speculative that they fail to cross the line between the conclusory and the factual." *Connelly*, 809 F.3d at 790 (citation omitted). Instead, the pleadings must provide

sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

        **C.**      <u>**Motion for Judgment on the Pleadings Under Rule 12(c)**</u>

Under Rule 12(c), "a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) "is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (citation omitted); *Chemours Co. FC, LLC v. Nat'l Vacuum Env't Servs. Corp.*, 673 F. Supp. 3d 490, 498 n.43 (D. Del. 2023).

**II.**      <u>**DISCUSSION**</u>

        **A.**      <u>**Subject Matter Jurisdiction**</u>

              **1.**      <u>**Timeliness**</u>

At the outset, DEA suggests that Solstice's motion was filed too late in the litigation. (*Solstice* D.I. 47 at 18-19). "Objections to subject-matter jurisdiction, [however], may be raised at any time." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Similarly, under Rule 12(c), "a party may move for judgment on the pleadings" any time "[a]fter the pleadings are closed [so long as it is] early enough not to delay trial." Fed. R. Civ. P. 12(c). There is no risk of trial delay here, so Solstice's motion is timely.

              **2.**      <u>**Whether the Copyright and Contract Claims are Duplicative**</u>

As for the merits, both Defendants assert that these actions are breach of contract disputes rather than copyright cases, and, therefore, there is no basis for federal jurisdiction. Because they purchased licenses, they say the copyright claims must be dismissed. (*Solstice* D.I. 41 at 6; *PharmaScript* D.I. 18 at 5). In the Third Circuit, however, even where a contract exists between the parties, "the licensor can still bring suit for copyright infringement if the licensee's use goes beyond the scope of the nonexclusive license." *MacLean Assocs., Inc. v. Wm. M. Mercer-*

3

*Meidinger-Hansen, Inc.*, 952 F.2d 769, 779 (3d Cir. 1991); *Cutillo v. Cutillo*, No. 23-2382, 2024 WL 3250364, at *2 (3d Cir. July 1, 2024) ("Granting a license to use the copyright materials defeats a claim for copyright infringement, so long as the licensee operates within the scope of the license."). Thus, for example, "a licensee who ma[kes] [additional] copies of [a licensed] book would be liable for copyright infringement because the copying would violate the Copyright Act's prohibition on reproduction and would exceed the scope of the license." *Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc.*, 421 F.3d 1307, 1316 (Fed. Cir. 2005) (Bryson, J.); *Krist v. Pearson Educ., Inc.*, 419 F. Supp. 3d 904, 913 (E.D. Pa. 2019) ("Uses that violate a license agreement constitute copyright infringement only when those uses would infringe in the absence of any license agreement at all.") (citation modified).

Those are precisely the type of allegations at issue here. DEA's operative complaints say, among other things, that Defendants each purchased a license for 3 copies but made 10 and 27 unauthorized reproductions, respectively, according to DEA's audit results. (*Solstice* D.I. 1 ¶¶ 27-28; *PharmaScript* D.I. 15 ¶ 35). Therefore, the scope of the licenses set forth in the relevant EULA contracts are alleged to have been exceeded. *See Cutillo*, 2024 WL 3250364, at *2 ("The crux of [Plaintiff's] copyright claim is that [Defendants] exceeded the scope of the license: Defendants have engaged in the unauthorized creation, copying, distribution and display of derivative versions of the Works.") (citation modified); *Cornell Univ. v. Illumina, Inc.*, No. 10-433 (LPS), 2014 WL 12601516, at *6 (D. Del. Sept. 29, 2014) ("A licensee's actions are unauthorized when they exceed the scope of a license.").

That finding is further supported by the fact that PharmaScript contests the existence of a contract here. (*See PharmaScript* D.I. 18 at 15-16). The Court directly addresses that argument in the next section, but it bears mention that PharmaScript cannot have it both ways – that copyright

law does not apply here because there *is* a controlling contract, and also, on the other hand, that there *is no* contract because there was no acceptance or formation.

In sum, the Court finds that each complaint adequately alleges a copyright violation independent of the alleged license breaches, and, therefore, there is federal subject matter jurisdiction over the actions. Solstice's motion for judgment on the pleadings and PharmaScript's motion to dismiss under 12(b)(1) are denied.

### B. Motion to Dismiss

#### 1. The Copyright Claim

Next, PharmaScript moves for dismissal of DEA's copyright claim. In the Third Circuit, "[t]o establish a claim of copyright infringement, a plaintiff must show: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Tanksley v. Daniels*, 902 F.3d 165, 172-73 (3d Cir. 2018) (citation omitted).[1] Here, the Amended Complaint alleges that DEA holds 27 copyright registrations and that its "proprietary software licensed to PharmaScript is covered by one or more [of them]." (*PharmaScript* D.I. 15 ¶ 53). At the pleading stage, that satisfies the first prong of the test. The Amended Complaint also alleges that, without permission, PharmaScript made at least 27 "identical," "fully-functional copies" of the licensed software, thereby "cop[ying] and us[ing]" its "original copyrighted elements," such as the program's "Data Automation Tool," "NPI Data Engine," and "military grade AES encryption," among a dozen other allegedly original features. (*Id.* ¶¶ 55-60). Those allegations meet the test's second prong.

---

[1] The parties briefed this issue under the Second Circuit's four-prong test – despite, ironically, DEA's repeated refrain in its papers that "[a]pplication of the proper analytical framework is essential to correctly decide [this] motion." (*PharmaScript* D.I. 18 at 8-9; D.I. 19 at 10).

PharmaScript counters that these allegations are insufficient because they do not specify which registration was infringed, which original elements were copied, how PharmaScript did it, and when it allegedly did so. (*PharmaScript* D.I. 18 at 8-14). But, succinctly put, the Complaint sets out that, over a four-year period between 2020 and 2024, PharmaScript provided unlicensed access to its 1,700 employees by making dozens of unauthorized wholesale copies of DEA's proprietary software that was protected by at least one of several specific copyright registrations. (*PharmaScript* D.I. 15 ¶¶ 33-36). At the liberal pleading stage, that is enough to state a copyright claim under the relevant test.

Accordingly, the Court finds that DEA states a claim for copyright infringement and will deny PharmaScript's motion to dismiss Count II of the Amended Complaint.

### 2. Breach of Contract

PharmaScript argues that DEA has failed to state a claim for breach of contract. (*PharmaScript* D.I. 18 at 14). Under Delaware law, "[t]o establish a claim for breach of contract, Plaintiff must show: (1) the existence of a contract; (2) the breach of an obligation imposed by the contract; and (3) damages." *Vermeer v. Univ. of Delaware*, 710 F. Supp. 3d 401, 409 (D. Del. 2024). PharmaScript contends that the Amended Complaint does not allege any of these three elements. The Court finds that the Amended Complaint meets each one.

First, the Amended Complaint alleges that the parties "form[ed] an express contractual relationship" on December 24, 2020, when "PharmaScript accepted the terms of [the] EULA," and that that contract was subsequently "renewed [in] . . . 2021, 2022, 2023, and 2024." (*PharmaScript* D.I. 15 ¶¶ 10-11, 47-48). As an example, DEA appends a copy of the May 2022 EULA to the Amended Complaint. (*Id.*, Ex. A). Those allegations of offer and acceptance are sufficient to allege the existence of a valid contract. *See AGB Contemp. A.G. v. Artemundi LLC*, No. 20-1689 (MAK), 2021 WL 1929356, at *4 (D. Del. May 13, 2021).

PharmaScript responds that the Amended Complaint does not allege specifically who accepted the contract on the company's behalf, and, additionally, that the attached EULA is not signed and dated.  (*PharmaScript* D.I. 18 at 15-16).  Even assuming that DEA is required to identify an individual who bound PharmaScript – a proposition of law that is not supported by precedent – the Amended Complaint does so here.  (*See PharmaScript* D.I. 15 ¶¶ 15-17). It identifies by name three "[s]pecific individuals who are believed to [have] accepted the terms and conditions of the EULA on behalf of PharmaScript," and states that each one "had actual or apparent authority to do so."  (*Id.*).  That is enough to plausibly allege acceptance, particularly given that the Court is bound to accept all allegations as true and construe every inference in Plaintiff's favor at this stage.  See *Lutz*, 49 F.4th at 327; *Connelly*, 809 F.3d at 787.

Second, PharmaScript contends that the Amended Complaint fails to allege a breach because the alleged conduct is permitted under the EULA.  (*PharmaScript* D.I. 18 at 16-17). But the Amended Complaint clearly alleges that PharmaScript and its employees breached several provisions of the contract by, for example, (1) unauthorizedly installing DEA's software on PharmaScript's servers, in violation of Section 2.7, (2) permitting screensharing of the software with other unlicensed Users, in violation of Section 4.7, and (3) "fail[ing] to comply with [DEA's] audit request" when it "intentionally edited and/or scrubbed the files provided, to try to hide the extent of PharmaScript's violations," in violation of Section 14. (*PharmaScript* D.I. 15 ¶¶ 27-31). That is sufficient to plausibly allege breach.

Third, and finally, PharmaScript argues that the Amended Complaint fails to allege damages because the claim "relies on an unenforceable penalty provision from Section 14.3 of [the] EULA." (*PharmaScript* D.I. 18 at 17).  Setting aside that Section 14.3 does not appear to be a liquidated damages or penalty provision, DEA's damages allegations do not hinge on that

7

section, which "assume[s] that all employees and contractors of [PharmaScript] have access to the [licensed] Software" in the event that PharmaScript "fails or refuses to comply with an Audit [request]." (*PharmaScript* D.I. 15, Ex. A § 14.3). Instead, the Amended Complaint alleges that, based on an actual audit performed by DEA and the price of its subscription fees, at least 192 distinct PharmaScript users accessed DEA's software without a license, resulting in more than $2.7 million in lost licensing fees. (*Id.* ¶¶ 39-43). And PharmaScript's contention that DEA failed to provide notice is a factual inquiry (and an affirmative defense) not fit for adjudication at the motion to dismiss stage.

### III.    CONCLUSION

THEREFORE, IT IS HEREBY ORDERED that Solstice's motion for judgment on the pleadings (*Solstice* D.I. 40) and PharmaScript's motion to dismiss (*PharmaScript* D.I. 17) are DENIED.

                                                   */s/ Maryellen Noreika*
                                              The Honorable Maryellen Noreika
                                              United States District Judge